# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1085V
(Unpublished)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| CAITLIN M. DOYLE, | * | Special Master Katherine E. Oler |
| Petitioner, | * | |
| v. | * | Filed: August 24, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Amy Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Sarah Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION DISMISSING PETITION**[1]

### I.     **Procedural History**

On July 25, 2018, Caitlin Doyle ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered from arthritis and neurological symptoms as a result the influenza vaccination she received on October 16, 2016. Pet. at 1, ECF No. 1. Petitioner filed a statement of completion on August 30, 2018. ECF No. 8.

On June 12, 2019, Respondent filed a Rule 4(c) Report recommending compensation be denied. Resp't's Rep. at 1, ECF No. 15. More specifically, Respondent believed that the medical

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

records "fail[ed] to provide preponderant proof that [P]etitioner suffered from either arthritis or neurological injuries." *Id.* at 9. On September 12, 2019, Petitioner filed an expert report from Dr. Eric Gershwin, M.D. Ex. 9, ECF No. 19. In this report, Dr. Gershwin opined that he believed "Ms. Doyle suffers from fibromyalgia" and stated, "I do not opine that vaccination produces fibromyalgia." *Id.* at 2.

On October 4, 2019, I held a status conference with the parties to discuss Dr. Gershwin's report. *See* Order on 10/8/2019, ECF No. 21. Petitioner confirmed that she still alleged that she developed reactive arthritis as a result of the flu vaccination she received. *See id.* at 1. I ordered Petitioner to file outstanding medical records and an expert report addressing a theory of causation for Petitioner's alleged injury. *See id.* at 2.

Additional medical records were filed on February 7, 2020 and February 18, 2020. *See* Exs. 11, 12. On March 5, 2020, Petitioner filed a status report stating she did not intend to file an expert report and requested 30 days to file a status report indicating how she wished to proceed. Pet'r's Status Rep. on 3/5/2020, ECF No. 27. I granted that request on the same day. *See* non-PDF Order Granting Motion on 3/5/2020.

On May 6, 2020, Petitioner filed a status report stating she wished to seek the advice of alternate counsel. Pet'r's Status Rep. on 5/6/2020, ECF No. 29. On May 11, 2020, I held a status conference with the parties to discuss Petitioner's status report. *See* Order on 5/11/2020, ECF No. 30. Petitioner's counsel indicated she had spoken with her client recently and anticipated receiving an update from her within 14 days. *See id.* at 1. I granted Petitioner 14 days to file a status report on how she would like to proceed. *Id.* Subsequent status reports were filed by Petitioner's counsel stating she had yet to hear back from her client. *See* Pet'r's Status Rep. on 5/27/2020, ECF No. 31; Pet'r's Status Rep. on 6/29/2020, ECF No. 32; Pet'r's Status Rep. on 7/29/2020, ECF No. 33.

Petitioner filed the instant motion to dismiss her claim on August 24, 2020, stating "Counsel for Petitioner opined that she does not believe Petitioner will be able to successfully demonstrate causation" and "it would be unreasonable to proceed." Pet'r's Mot. at 1, ECF No. 35. Petitioner indicated to her counsel that she would not be pursuing her claim with another firm on August 17, 2020. *See id.* at 2. Petitioner agreed to file this instant motion. *Id.*

## II.     Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's Motion for A Decision Dismissing Her Petition is **GRANTED** and the petition is hereby **DISMISSED.  The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master